UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HEATHER HENDRIXSON, Individually And as Special Administratrix of the Estate of MICHAEL HENDRIXSON, Deceased, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 3:12-CV-770-JD-CAN ) |
| CASSENS TRANSPORT and TREVOR J. MOLNAR, | ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

On March 18 2013, Heather Hendrixson filed an Amended Complaint alleging claims of loss of consortium, punitive damages, and wrongful death [DE 19].[1] On March 22, the defendants, Cassens Transport and Trevor J. Molnar, filed a motion to dismiss the loss of consortium and punitive damages claims, pursuant to Fed. R. Civ. P. 12(b)(6) [DE 22]. Hendrixson responded on March 27 [DE 24], and the defendants filed a reply brief on April 2 conceding that Hendrixson's independent loss of consortium claim is appropriate but reiterating that the punitive damages claim should be dismissed [DE 28].

### I. Background

The Court accepts the following facts asserted in Hendrixson's complaint and draws all reasonable inferences in Hendrixson's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). The events supporting the claims took place in the Town of Wanatah, Indiana, on

---

[1] Hendrixson filed her initial complaint in LaPorte Superior Court on October 25, 2012, alleging claims for survivorship, loss of consortium, punitive damages, and wrongful death. The defendants moved to dismiss her survivorship, loss of consortium and punitive damages claims on January 3, 2013 [DE 9]. The first motion to dismiss is technically moot, since the initial complaint has been superseded, but the Court notes that it would be denied for the same reasons discussed herein and therefore simply denies both motions.

September 9, 2012. *See* DE 19 at 1. Molnar, a Cassens employee, was involved in a vehicular accident that led to the injuring and eventual death of Michael Hendrixson, the Plaintiff's spouse. *See* DE 19 at 1, 4.

Acting within the scope of his employment, Molnar drove a semi-trailer truck on a westerly route along U.S. Highway 30. *See* DE 19 at 1. He operated the vehicle with the cruise control function enabled and in excess of posted speed limits. *See* DE 19 at 2. Molnar continued to operate the vehicle in this fashion as he approached an intersection controlled by a traffic light. *See* DE 19 at 3. Molnar entered the intersection at a high rate of speed, even though westerly traffic had a red light. *See* DE 19 at 3. Molnar struck the vehicle occupied by the decedent at a speed of 61.5 miles per hour. *See* DE 19 at 4.

The decedent occupied the passenger seat of the struck vehicle, which was heading southbound via U.S. Highway 421. *See* DE 19 at 2. The struck vehicle entered the intersection in accordance to a green light for southbound traffic. *See* DE 19 at 3. The decedent received life threatening injuries from the collision and was transported to South Bend Memorial Hospital. *See* DE 19 at 4. He succumbed to the injuries on September 12, 2012. *See* DE 19 at 4. The Plaintiff was married to the decedent at all relevant times. *See* DE 19 at 4.

## II. Discussion

### A. Relevant law for dismissal under Fed. R. 12(b)(6)

Fed. R. Civ. P. 12(b)(6) authorizes dismissal if the complaint fails to sets forth a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss, pursuant to Rule 12(b)(6), tests the adequacy of the complaint and not the merits of the case. *Heinze v. S. Ill. Healthcare*, 2010 WL 276722 *2 (S.D.Ill. 2010); *Beery*, 2008 WL 2857266 at *1. As such, when analyzing a Rule 12(b)(6) motion to dismiss, the Court construes the complaint in the light

most favorable to the plaintiff, accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Tamayo*, 526 F.3d at 1081; *Wise*, 2010 WL 3980279 at *1; *Kmart Corp.*, 2010 WL 1541296 at *3; *Beery*, 2008 WL 2857266 at *1. However, the Court need not take unsupported legal conclusions contained in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

**B.     Analysis**

Cassens and Molnar originally moved to dismiss the loss of consortium claims in their entirety, but have since conceded that Hendrixson does have a loss of consortium claim under *Bemenderfer v. Williams*, 745 N.E.2d 212 (Ind. 2001). *See* DE 28 at 2. The only part of their motion to dismiss that remains is thus their attack on the availability of punitive damages under the allegations in the complaint.

Cassens and Molnar argue that punitive damages are not available for "independent claims for loss of consortium in wrongful death actions." DE 28 at 2. In support, they cite *Durham ex rel. Estate of Wade v. U-Haul Int'l*, 745 N.E.2d 755 (Ind. 2001), which held that punitive damages are not available in any suit brought under Indiana's wrongful death statute, Ind. Code § 34-23-1-1 *et seq.* In that case, a U-Haul truck was unable to stop in response to slowed traffic and struck a vehicle with two passengers; one passenger died instantly and the other within minutes. *Id.* at 757. The second victim's survivors, including her spouse, sued for wrongful death and loss of consortium, seeking punitive damages. *Id.*

The Indiana Supreme Court resolved three questions. First, it held that punitive damages are not available in suits under Indiana's wrongful death statute. Second, it held that a common law action for loss of consortium is derivative of the injured spouse's personal injury claim and is therefore extinguished by the injured spouse's death. *Id.* at 764. Third, however, the Court

3

held that although a common law cause of action for loss of consortium may not include post-death loss of consortium, a spouse *may* recover post-death loss of consortium as a measure of damages in a wrongful death action. *Id.* at 765. The upshot of these holdings was that a spouse may recover damages for post-death loss of consortium in a wrongful death action, but may not recover punitive damages, which are unavailable under the wrongful death statute. *Id.* at 765-66.

The defendants read *Durham* to forbid, as a policy matter, the award of punitive damages for loss of consortium claims after the injured spouse has died. But *Durham* stopped short of saying that a spouse may never recover punitive damages in a loss of consortium claim once the injured spouse died. It said little about the measure of damages that would be available in a common law loss of consortium claim addressed to the pre-death loss of consortium, merely noting that "[m]ost states continue to adhere to the rule that common law recovery for loss of consortium damages is limited to the period between the spouse's injury and the spouse's death." *Id.* at 765 (citing cases).

However, in *Bemenderfer* (decided on the same day as *Durham*), the Indiana Supreme Court clarified that given an attenuated death of a spouse, the surviving spouse is able to bring a separate *common law* loss of consortium claim. 745 N.E.2d 212. There, the tortious act was committed three days prior to the spouse's death. *Id.* at 215. The court held that "[the surviving spouse is] entitled to recover loss of consortium damages as a common law claim for [the three days preceding death] and under the wrongful death statute for the period from [the date of death] to the end of his life expectancy as of that date." *Id.* at 219. Thus, the fact that post-death loss of consortium claims are available only under the wrongful death statute (without punitive damages) does not mean that a separate pre-death common law loss of consortium claim (potentially including punitive damages) cannot also proceed.

4

Defendants, quoting *Durham*, argue that legislative policy would be circumvented if punitive damages were available in this case. *See* DE 28 at 2 (arguing that "*Durham* held that if a loss of consortium claim could circumvent the unavailability of punitive damages in wrongful death cases, 'a number of legislative policy calls would be circumvented.'" (quoting *Durham*, 745 N.E.2d at 764)). But *Durham* concluded only that the Indiana legislature did not intend to allow punitive damages under the wrongful death statute. It said nothing about eliminating punitive damages from loss of consortium claims altogether, once the injured spouse dies. Indeed, because the death in *Durham* was essentially instantaneous, the Court had no reason to consider the availability of punitive damages in a separate loss of consortium claim covering the period before death. Because Hendrixson's punitive damage claim is rooted in a common law claim, *Durham*'s holding regarding the legislative policy behind the wrongful death statute simply do not apply.

Defendants also argue that no decision from the Indiana Supreme Court or Court of Appeals has drawn any sort of distinction between "instantaneous" or "prolonged" death claims. *See* DE 28 at 2. Yet *Bemenderfer* does exactly that. In the concluding paragraph, the Indiana Supreme Court explicitly allows for loss of consortium damages to be recovered via *two* claims—a common law loss of consortium *claim* along with loss of consortium *damages* under the wrongful death claim. This distinction is important because the law governing the period between tortious act and death is not the wrongful death statute, but traditional common law loss of consortium. The defendants point to no other authority suggesting that Indiana derogates from the availability of punitive damages under the common law action for loss of consortium; nor do they explain why they believe that the Indiana Supreme Court would eliminate punitive damages for some loss of consortium claims but not others, simply because the injured spouse

has died. *See Rogers v. R.J. Reynolds Tobacco Co.*, 557 N.E.2d 1045, 1057 (Ind. Ct. App. 1990) ("It would be anomalous to allow Richard's death to insulate Defendants from liability for punitive damages when his widow claims them independently of the wrongful death statute."). Hendrixson's punitive damages claim is rooted in her common law loss of consortium claim, which the Defendants conceded was appropriate under *Bemenderfer v. Williams*, 745 N.E.2d 212 (Ind. 2001). *See* DE 28 at 2. Therefore, she is not restricted to compensation solely under the wrongful death act, and thus, not limited by *Durham*'s prohibition on punitive damages. Consequently, a plain reading of Hendrixson's complaint provides sufficient legal and factual support for her punitive damages claim.

### III. Conclusion

For the reasons state above, the Court **DENIES** the Defendants' motions to dismiss. [DE 9, 22].

SO ORDERED.

ENTERED: June 28, 2013

/s/ JON E. DEGUILIO
Judge
United States District Court